# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs July 30, 2002

## ROCKY D. HITSON v. TENNESSEE DEPARTMENT OF CORRECTION

### Appeal from the Chancery Court for Davidson County
No. 01-2563-I     Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2001-02903-COA-R3-CV - Filed September 25, 2003

---

This appeal involves a dispute between a prisoner and the Department of Correction regarding a disciplinary hearing held at the Northeast Correctional Complex in Mountain City. The prisoner filed a petition for writ of certiorari in the Chancery Court for Davidson County alleging that he had been substantially prejudiced by the Department's failure to follow its disciplinary rules. The trial court, relying on *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), granted the Department's Tenn. R. Civ. P. 12.02(6) motion and dismissed the petition. The petitioner has appealed. We have determined that the trial court's order should be vacated and remanded for further consideration in light of *Willis v. Tennessee Dep't of Corr.*, ___ S.W.3d ___, 2003 WL 22019138 (Tenn. Aug. 27, 2003).

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Rocky D. Hitson, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover II, for the appellee, Tennessee Department of Correction.

## OPINION

### I.

Rocky Hitson is currently serving a thirty-year sentence for murder[1] at the Turney Center in Hickman County. Prior to his incarceration at the Turney Center, he was housed at the Northeast Correctional Complex in Mountain City. In June 2001, while housed at the Northeast Correctional Complex, Mr. Hitson was charged with the disciplinary offense of attempting to intimidate an employee. A one-person disciplinary board found him guilty of the offense and punished him by

---

[1]*See Hitson v. Bradley*, No. 01A01-9403-CH-00129, 1994 WL 420912, at *1 (Tenn. Ct. App. Aug. 12, 1994) (No Tenn. R. App. P. 11 application filed) .

reclassifying him and stripping him of his trusty status, transferring him to the Turney Center, and depriving him of his right to earn sentence reduction credits.

After exhausting his internal appeals, Mr. Hitson filed a petition for writ of certiorari in the Chancery Court for Davidson County.[2] He alleged in his petition that the disciplinary board had acted arbitrarily and illegally by failing to follow the Department's own Uniform Disciplinary Procedures. Specifically, he asserted (1) that he had been refused access to the evidence used against him, (2) that he had been denied the right to present witnesses, and (3) that the corrections officer who conducted the disciplinary hearing was biased because he had also served as the investigating officer in the case. The Department responded to the petition with its customary Tenn. R. Civ. P. 12.02(6) motion to dismiss. The trial court granted the Department's motion on two grounds. First, the court concluded that Mr. Hitson's complaint did not fall within the scope of a writ of certiorari because it dealt "with an administrative issue as opposed to a judicial function."[3] Second, citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), the court determined that he had failed to state a claim because his punishment was not "atypical or [did not] give rise to a hardship uncommon among other inmates."

## II.

*Sandin v. Conner* is no longer an insurmountable barrier to prisoners seeking judicial review of prison disciplinary proceedings. The Tennessee Supreme Court has now held that prisoners who file a petition for common-law writ of certiorari seeking review of a prison disciplinary proceeding state a claim that will survive a motion to dismiss if they allege "facts demonstrating that the disciplinary board failed to follow the Uniform Disciplinary Procedures and [that] this failure substantially prejudiced . . . [them]." *Willis v. Tennessee Dep't of Corr.*, ___ S.W.3d ___, ___, 2003 WL 22019138, at * 5 (Tenn. Aug. 27, 2003). This decision applies to all cases pending on appeal when it was filed, and accordingly, we will review Mr. Hitson's petition using the *Willis* standard.

Taking the allegations in Mr. Hitson's complaint as true, as we must because of the Department's Tenn. R. Civ. P. 12.02(6) motion, we have determined that they describe three material deviations from the Uniform Disciplinary Procedures and that these deviations substantially prejudiced Mr. Hitson. First, Tenn. Dep't Corr. Policy No. 502.01(VI)(2)(E)(c)(3) (2001) states that "[t]he inmate or advisor will be allowed . . . to review all adverse documentary evidence (except

---

[2]Mr. Hitson filed his petition in the wrong county. In *Hawkins v. Tennessee Dep't of Corr.*, No. M2001-00473-COA-R3-CV, 2002 WL 1677718, at *7-8 (Tenn. Ct. App. July 25, 2002) (No Tenn. R. App. P. 11 application filed), we construed Tenn. Code Ann. § 41-21-803 (1997) to require that a lawsuit for a cause of action accruing while a prisoner is incarcerated must be brought in the county where the facility housing the prisoner is located. Mr. Hitson was housed at the Northeast Correctional Complex in Johnson County when he filed his complaint in the Chancery Court for Davidson County. Accordingly, under Tenn. Code Ann. § 41-21-803, it was filed in the wrong court. We will not vacate the judgment in this case on those grounds, however, because Mr. Hitson filed his petition before our decision in *Hawkins* was filed, and none of the parties raised the application of Tenn. Code Ann. § 41-21-803 either in the trial court or on appeal.

[3]Of course, it is now settled beyond reasoned debate that prison disciplinary proceedings may be reviewed using a common-law writ of certiorari. *Robinson v. Clement*, 65 S.W.3d 632, 634 n.1 (Tenn. Ct. App. 2001); *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998).

confidential information)." Mr. Hitson alleges that he was not given access to a "letter by Unit Manager Freeman . . . which the hearing officer used in finding Petitioner guilty." Being denied access to the Department's evidence is patently prejudicial unless the information being sought is confidential. Because the record contains no evidence that the "letter by Unit Manager Freeman" was confidential, Mr. Hitson's allegation regarding the hearing officer's failure to comply with Tenn. Dep't Corr. Policy No. 502.01(VI)(E)(2)(c)(3) states a claim that could, if substantiated, merit relief under a common-law writ of certiorari.

Second, Tenn. Dep't Corr. Policy No. 502.01(VI)(E)(2)(c)(6) (2001) provides that an "inmate shall be permitted to present the testimony of relevant witness(es) unless allowing a witness to appear would pose a threat to institutional safety and order." Mr. Hitson's petition alleges that the hearing officer "acted illegally and arbitrarily . . . by denying Petitioner's request for the presence of two inmate witnesses who would have testified favorably in Petitioner's behalf, because Petitioner would not enter a plea of guilty to the charged offense." This evidence was clearly relevant and could have affected the outcome of the proceeding. Because there is no evidence in the record that calling these two witnesses would have posed a threat to institutional safety and order, this allegation also states a claim that could, if substantiated, merit relief under a common-law writ of certiorari.

Finally, the Department's Uniform Disciplinary Procedures are intended "[t]o provide for a fair and impartial determination and resolution of all disciplinary charges placed against inmates." Tenn. Dep't Corr. Policy No. 502.01(III) (2001). Because of the fundamental importance of a neutral and unbiased hearing officer, the Uniform Disciplinary Procedures specifically state that in Class B disciplinary hearings conducted by a single hearing officer, the designated hearing officer "shall not be permitted to hear any given case" if he or she either participated in its investigation or has personal knowledge of the case's disputed facts. Tenn. Dep't Corr. Policy No. 502.01(VI)(A)(2)(b) & (c) and (B)(1) (2001). Mr. Hitson alleges that the hearing officer in his case conducted an investigation into the case before hearing it. Accepting Mr. Hitson's allegations as true, we find that Mr. Hitson has stated a claim that could, if substantiated, merit relief under a common-law writ of certiorari.

## III.

We vacate the dismissal of Mr. Hitson's petition for common-law writ of certiorari and remand the case to the trial court with directions to grant the writ of certiorari directing the Department to file the record of the disciplinary proceedings and then to adjudicate Mr. Hitson's claims in light of that record. We tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., J.

-3-